UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL CRUZ, EMANUEL RUPERTO LOPEZ, EUCLIDES RUPERTO MENDEZ, LUIS OBANDO, JOSE ADOLFO BARRAZA, EFRAIN MORALES, WALTER CHAVARRIA, ANGEL E. CALVA SALA, JOSE VERA VALDEZ, ANTONIO M. DA ROSA, and WILFREDO SANCHEZ<br><br>            Plaintiffs,<br><br>v.<br><br>ASPEN LANDSCAPING CONTRACTING, INC., EASTERN LANDSCAPE CONTRACTORS, INC., MARIA FUENTES, and DONALD FUENTES<br><br>            Defendants. | Civ. No. 20-8546 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    Plaintiffs were employees of Defendant Aspen Landscaping Contracting, Inc. ("Aspen"). (Third Am. Compl. ¶23).[1] In 2018, Plaintiffs commenced an action against Aspen in the Superior Court of New Jersey, Essex County

---

[1] Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

    "DE" = Docket entry number in this case.

    "Third Am. Compl." = Plaintiffs' Third Amended Complaint (DE 1, Ex. A)

    "Notice of Removal" = Defendants' Notice of Removal (DE 1)

1

(Docket No. ESX-L-8360-16) (the "State Court Action").[2] (Notice of Removal ¶2). On November 20, 2019, Aspen filed a Chapter 11 petition for relief in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Action"). (Notice of Removal ¶5; Third Am. Compl. ¶ 19).

On February 28, 2020, Plaintiffs amended their Complaint to add Maria Fuentes, who at all relevant times was Aspen's sole shareholder and managing officer. (Notice of Removal ¶12; Third Am. Compl. ¶16). On April 20, 2020, Aspen, Maria Fuentes, and Donald Fuentes, who at all relevant times was an equitable owner and managing officer of Aspen, entered into a Settlement Agreement regarding the Bankruptcy Action.[3] (Notice of Removal ¶12; Third Am. Compl. ¶17). Among other things, that agreement "provided for a mutual release of all known or unknown claims existing at the time of the execution of the Agreement, except those claims which were enumerated in the Settlement Agreement." (Notice of Removal ¶16). The Settlement Agreement was approved by the Bankruptcy Court on May 6, 2020. (Notice of Removal ¶20).

One day prior, on May 5, 2020, Plaintiffs had filed a motion to add Donald Fuentes to the State Court Action, in the form of a Third Amended Complaint. (Notice of Removal ¶21). The Third Amended Complaint in the State Court Action also added Eastern Landscape Contractors, Inc. ("Eastern"), a successor entity formed by Defendant Donald Fuentes after his departure from Aspen. (Third Am. Compl. ¶¶ 18,43). The motion to amend was granted by the state court on May 22, 2020, and the Third Amended Complaint was filed on June 22, 2020.[4] (Notice of Removal ¶22).

---

[2]   Plaintiffs filed a First Amended Complaint on July 9, 2018 and a Second Amended Complaint on September 10, 2018. (Notice of Removal ¶¶3-4). Both filings asserted claims solely against Aspen. (*Id.*)

[3]   As alleged in the Notice of Removal, "Aspen's bankruptcy was predicated in large part upon an Order to Show Cause seeking the appointment of a custodial receiver in a two (2) party divorce disputed between [Maria] Fuentes and [Donald] Fuentes." (Notice of Removal ¶ 6).

[4]   Defendant Maria Fuentes filed a motion to reconsider the order granting Plaintiffs leave to amend and file the Third Amended Complaint. (Notice of Removal

2

Shortly thereafter, on July 9, 2020, Defendants Donald Fuentes and Eastern removed the State Court Action to the United States District Court for the District of New Jersey based on federal question jurisdiction. (Notice of Removal ¶¶25-26). (Notice of Removal ¶23). Defendant Maria Fuentes consented to the removal. (Notice of Removal ¶28).

Plaintiffs now move for an order (1) granting leave to file an amended complaint; (2) remanding the matter to state court; and (3) awarding attorneys' fees and costs. (DE 15). For the reasons stated in this opinion, I will grant Plaintiffs leave to file a Fourth Amended Complaint and will remand the matter to state court. However, I decline to impose attorneys' fees and costs.

**I.      Summary**

As alleged in the Third Amended Complaint, Plaintiffs' employment with Aspen was governed by certain contracts, "of which plaintiffs were either signatories and/or third-party beneficiaries." (Third Am. Compl. ¶25). Specifically, with the exception of Plaintiffs Walter Chavarria and Luis Obando, "Plaintiffs were members of unions who were intended third-party beneficiaries of their respective union's collective bargaining agreements." (Third Am. Compl. ¶ 26). By virtue of the relevant contracts and/or collective bargaining agreements, Aspen was required to pay its employees, including Plaintiffs, hourly wages, overtime wages, and "benefits and other renumeration . . . set forth in said contracts and/or collective bargaining agreements." (Third Am. Compl. ¶27). However, at all relevant times including from 2006 through 2017, Plaintiffs "were routinely required to work hours for Aspen that they were not paid for, which included hours that should have been paid at overtime rates." (Third Am. Compl. ¶28).

The Third Amended Complaint in this now-removed action asserts three causes of action against Eastern, Maria Fuentes, and Donald Fuentes. (Third Am. Compl. ¶20). Upon the filing of the Bankruptcy Action, the claims against

---

¶25). It appears that, after removal, the motion for reconsideration has not been adjudicated.

Aspen were automatically stayed. Plaintiffs therefore made clear their intention "to pursue Eastern, Mrs. Fuentes, and Mr. Fuentes only at this time." (*Id.*).

The First Count asserts breach of contract. (Third Am. Compl. ¶¶32-36). Plaintiffs allege that (1) Aspen was bound by contracts and/or collective bargaining agreements which "required Aspen to pay Plaintiffs specified wages," including "additional wages for overtime worked"; (2) Aspen breached those contracts "by failing to pay Plaintiffs for all the hours they worked and by failing to pay Plaintiffs' overtime wages"; (3) "As a result of Aspen's breaches, Plaintiffs suffered damages"; and (4) "As a successor entity, Eastern is liable for all damages accruing to Aspen." (*Id.*).

The Second Count alleges a violation of the New Jersey Wage and Hour Laws ("NJWHL"), N.J. Stat. Ann. §§ 34:11-1 et seq., and asserts: (1) "At all relevant times, Plaintiffs were employees pursuant to the [NJWHL]"; (2) Aspen's conduct violated the NJWHL; (3) "Upon filing a petition for bankruptcy, Aspen defaulted on its wages payment obligation"; (4) "By virtue of her position as Aspen's sole shareholder and managing officer, [Maria] Fuentes is personally liable for unpaid wages, and all damages set forth in the statute"; (5) "By virtue of his position as an equitable owner and managing officer of Aspen, [Donald] Fuentes is personally liable for unpaid wages, and all damages set forth in the statute" (6) "As a successor entity, Eastern is liable for all damages accruing to Aspen"; and (7) As a result of Aspen's conduct, "Plaintiffs have suffered damages and are entitled to relief under the [NJWHL]". (Third Am. Compl. ¶¶ 37-44).

Finally, the Third Count alleges a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and asserts: (1) "Plaintiffs were 'non-exempt' employees pursuant to the [FLSA]"; (2) "Aspen was bound by the FLSA with respect to Plaintiffs employment"; (3) "Aspen's conduct . . . violated the FLSA"; (4) "As a result of said conduct, Plaintiffs have suffered damages and are entitled to relief under the FLSA"; and (5) "As a successor entity, Eastern is liable for all damages accruing to Aspen." (Third Am. Compl. ¶¶45-50).

Plaintiffs now seek leave to amend the operative complaint, alleging that they "never intended to assert successor liability against Eastern under the [FLSA]" and that they do not believe such successor liability is available against Eastern. (DE 15 at 2). Therefore, Plaintiffs request permission to file a Fourth Amended Complaint (DE 15-3) in which "all references to Eastern in Count Three (the FLSA claim) and in Count One (the breach of contract claim) have been removed." (DE 15 at 2). Plaintiffs submit that, after removal but prior to engaging in motion practice, they "notified Defendants of the drafting error and Plaintiffs' intention of amending the complaint to correct it, but Plaintiffs' request for dialogue was ignored." (*Id.*).

Defendants submit that the inclusion of the FLSA claim against Eastern was not in error and that Plaintiffs are engaging in forum shopping. (DE 25 at 6; DE 27 at 13).

## II. Discussion

### a. Motion to Amend

A party may amend its pleading once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (c), or (i), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Accordingly, amendment of a complaint in response to a motion to dismiss is often permitted without leave of court. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

After amending once or after an answer has been filed, however, leave of court or written consent of the opposing party is required. *Id.*; *see also* Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that "leave [to amend] shall be freely given when justice so requires." Accordingly, courts "have shown a strong liberality . . . in allowing amendments under Rule 15(a)." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous.*, 663 F.2d 419, 425 (3d Cir.1981) (quoting 3 J. Moore, Moore's Federal Practice ¶ 15.08(2) (2d ed. 1989)).

5

In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court put its stamp on the liberal amendment policy, while identifying a number of factors relevant to a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182.

Amendment may be denied, however, if it would be "futile." Futility is established if the complaint, as amended, "would not withstand a motion to dismiss." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983); *see also Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001); *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).

Here, Plaintiffs assert that they erroneously included the sentence regarding Eastern's successor liability in the Count Three FLSA claim. Indeed, Plaintiff notified Defendant of that error prior to filing this motion. (DE 15 at 15; DE 27 at 13-14). On July 13, 2020, after Defendants Donald Fuentes and Eastern removed the matter to federal court, Plaintiffs' counsel explained:

> Thanks to your Notice of Removal, we were alerted to a drafting error in our Third Amended Complaint. We did not intend to include Eastern Landscape Contractors, Inc. ("Eastern") in our FLSA count, nor do we believe that successor liability against Eastern is available under the FLSA.
>
> Given that the entire basis for Federal jurisdiction cited in your Notice of Removal is the existence of a claim against Eastern under the FLSA, and given that this claim is the result of a drafting error, we request that the parties enter into a stipulation wherein you agree to withdraw your Notice of Removal to allow plaintiffs to file a Fourth Amended Complaint in State Court with only one amendment – omitting Paragraph 50, which alleges successor liability on the part of Eastern under the FLSA.

(DE 27-1 at 56). Defendants did not agree to that stipulation; hence this motion.

6

Defendants are skeptical that the inclusion of an FLSA claim against Eastern was an "error." They argue that Plaintiffs are forum-shopping, and may not remove a federal claim to quash jurisdiction of this Court. (DE 25 at 18-19; DE 27 at 13-14). Defendants are correct that "[a] subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction." *Westmoreland Hosp. Ass'n v. Blue Cross of Western Pennsylvania*, 605 F.2d 119, 123 (3d Cir. 1979). It is true that filing of the proposed Fourth Amended Complaint would not automatically divest this Court of jurisdiction; the propriety of removal is measured as of the date of removal. *See Hartman v. Cadmus-Cenveo Co.*, No. CIV.A. 13-7494, 2014 WL 4662499, at *3 (E.D. Pa. Sept. 19, 2014) ("[T]he act of not including the previously-asserted federal-law claims in the amended complaint does not divest this court of subject-matter jurisdiction over this action. Instead, 'subject[-]matter jurisdiction is to be determined from the face of the complaint and on the basis of the record in the state court, at the time the petition for removal is presented.'") (quoting *Westmoreland*, 605 F.2d at 123).

All parties agree, however, that successor liability under the FLSA does not exist in this case. (DE 25 at 18; DE 28 at 12). It matters little, then, whether the federal claim is dismissed from the Third Amended Complaint for failure to state a claim, or voluntarily dropped from the Fourth Amended Complaint. In either case, there is no viable federal claim, and the court must consider whether to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367.

Still, what the Plaintiffs have placed before the Court is a motion to amend the complaint. The propriety of amendment is the threshold issue, and I therefore consider it first.

*Foman v. Davis, supra,* suggests a number of bases on which amendment, though granted liberally, might nevertheless be denied. These include undue delay, bad faith, prejudice to the opposing party, and futility. 371 U.S. at 182. None are present here.

First, there is no undue delay. In fact, days after the Notice of Removal was filed, Plaintiffs tried to avoid motion practice by informing Defendants of its drafting error and asking them to withdraw their Notice of Removal. (DE 27-1 at 56). When that request was denied, Plaintiffs filed their motion to amend within a month of removal. (*See* DE 15).

I also find that Plaintiffs do not seek amendment in bad faith. Indeed, Plaintiffs tried to withdraw the FLSA successor liability claim *before* seeking amendment in this Court. Defendants submit that Plaintiffs are simply engaging in forum shopping. Yet a plaintiff is generally entitled to its choice of forum; defendants are the ones who removed the action; and all agree that there is not tenable federal claim. It is not "forum shopping" to pursue state law claims in state court.

Defendants will not suffer prejudice from amendment. As Plaintiffs note, Defendants are new to this litigation and have expended no efforts beyond their Notice of Removal and motion to dismiss (which is currently administratively terminated). (DE 24).

Defendants submit that permitting Plaintiffs to file a Fourth Amended Complaint would be futile because Plaintiffs' claims are barred by the statute of limitations. (DE 25 at 14; DE 27 at 20). Critically, however, the statute of limitations argument was rejected by the state court in allowing Plaintiffs to file a Third Amended Complaint which brought Defendants Maria Fuentes, Donald Fuentes, and Eastern into the action. (DE 27-1 at 43; DE 27 at 17). Defendants argue that the leave to file a Third Amended Complaint was erroneously granted, but the propriety of that state court decision is not before this Court. For example, Defendant Maria Fuentes explains that she opposed Plaintiffs' motion for leave to amend in state court and opposed Plaintiffs' contention that "their claims against [her] (and presumably) the other individual defendants, did not accrue until [Aspen] filed for bankruptcy." (DE 27 at 17). Then Defendant submits: "Despite the legal impropriety of this position, *the state court erroneously accepted it* and it was the only basis for permitted leave to amend that the state court identified in its statement of reasons." (DE 27 at 17-

8

18 (emphasis added)). Defendants Donald Fuentes and Eastern also imply that the state court erroneously granted leave to file the Third Amended Complaint because, they submit, the Third Amended Complaint did not relate back to the original pleading. (DE 25 at15-17). In short, permitting a Fourth Amended Complaint neither adds to nor subtracts from the statute of limitations arguments. Those arguments were asserted, and rejected, in relation to the Third Amended Complaint; further amendment, whether permitted or denied, would leave the statute of limitations issue in status quo. Defendants, however, do not get a second bite of the proverbial apple.

In light of the foregoing, I will grant Plaintiffs leave to file a Fourth Amended Complaint removing the FLSA claim against Eastern. I now address whether the matter should be remanded to state court.

### b. Motion to Remand

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (concerning federal question jurisdiction).

A party's right to remove a civil action is "determined according to the plaintiff's pleading at the time of the petition for the removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S. Ct. 347, 83 L. Ed. 334 (1939). "[A] subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction." *Seawright v. Greenberg*, 233 Fed. App'x 145, 148 (3d Cir. 2007). A removed action must be remanded, however, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Under the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not allege a federal claim on its face. *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d Cir. 1995) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1,

27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law."), *superseded by statute*, 28 U.S.C. § 1441); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). A party bringing a claim is "the master of the claim," and as the master of the claim, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.

Here, the Court had subject matter jurisdiction at the time Defendants removed the matter to this Court by virtue of the FLSA claim. *See* 29 U.S.C. § 1441(c). As explained above, subsequent amendment to remove a federal claim does not divest this court of jurisdiction. *Westmoreland*, 605 F.2d at 123. But that is not in dispute here. (DE 28 at 8-9). Instead, Plaintiffs ask the Court to exercise its discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. (DE 28 at 9).

Under 28 U.S.C. § 1367(c), the Court has discretion to decline jurisdiction over remaining claims after all federal claims have been dismissed from the action. The Third Circuit has held that where the federal claims that gave the basis for original jurisdiction are dismissed, a "district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)); *see Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (holding that "pendent jurisdiction should be declined where the federal claims are no longer viable, absent extraordinary circumstances").

In short, the presumptive rule is that the state claims shall be dismissed, unless reasons of economy and fairness dictate otherwise.[5]

Thus, where the case has been substantially litigated, it may be a proper exercise of discretion to retain it. *See Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1284–85 (3d Cir. 1993) (remanding for exercise of discretion as to whether to retain pendent claim, noting that where the district court already heard all evidence necessary to decide the state contract claim, it might retain jurisdiction). Where, on the other hand, the case is nowhere close to trial, remand is the proper course. *Freund v. Florio*, 795 F. Supp. 702, 710 (D.N.J. 1992) ("[A]t this early stage in the litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties.").

Here, I find remand of the remaining state law claims is appropriate. First, this Court has not expended significant resources in connection with this case. In fact, the determination of this motion will be the court's first ruling in the case. Thus, I find judicial economy weighs in favor of, and surely does not weigh against, removal. Convenience also favors remand because this matter has been pending in state court for nearly four years. (*See* state court docket, DE 27-1 at 60-66). Having issued multiple orders, the state court is far more familiar with the facts and legal issues of this case than is this Court. Comity also favors remand because there is no continuing federal interest in retaining jurisdiction over these state law causes of action. And, because the matter is in its early stages before this Court, remanding the state law claims "will result in neither a waste of judicial resources nor prejudice to the parties." *Freund* 795 F. Supp. at 710. Finally, I find no other extraordinary circumstances compelling the exercise of supplemental jurisdiction. *See Shaffer*, 730 F.2d at

---

[5] As noted above, it makes little difference whether the federal claim is dismissed from the Third Amended Complaint for failure to state a claim, or dropped by the plaintiff from the Fourth Amended Complaint. The net result is the same: no federal claim. The question is whether, going forward, the court should exercise its discretion to retain supplemental jurisdiction over the state law claims.

11

912. The presumption is that the state claims shall be dismissed, unless reasons of economy and fairness dictate otherwise, and there is nothing here to shift the balance.

Defendants' reliance on *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988) is misplaced. There, the Supreme Court addressed "whether a federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain." *Cohill*, 484 U.S. at 345. The Court answered that question affirmatively: "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Id.* at 356.

The *Cohill* plaintiffs initiated an action in Pennsylvania state court. *Id.* at 345. The complaint alleged, *inter alia*, violations of federal and state age-discrimination laws. *Id.* Defendants later removed the matter to the United State District Court for the Western District under Pennsylvania under 28 U.S.C. 1441(a). *Id.* Six months later, the plaintiffs "moved to amend their complaint to delete the allegations of age discrimination" and some other claims. *Id.* at 346. In that motion, plaintiffs "stated that they now believed these [federal] claims were not tenable." *Id.* Simultaneously, plaintiffs "filed a motion, conditional upon amendment of the complaint, to remand the suit to state court." *Id.* The district court granted both the motion to amend and the motion to remand. *Id.* The United States Court of Appeals for the Third Circuit initially reversed. *Id.* However, after a rehearing *en banc*, the Third Circuit "divided evenly on the questions whether the district court had authority to remand [the plaintiffs'] case to the state court" and "issued an order denying [defendants'] application for a writ of mandamus" which "effectively left undisturbed the remand of [defendants'] case." *Id.* at 348. The Supreme Court affirmed. *Id.*

12

The defendants there argued, *inter alia*, that "giving district courts discretion to remand cases involving pendent state law claims will allow plaintiffs to secure a state forum through the use of manipulative tactics." *Id.* at 356. The Court concluded that "[a] district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." *Id.* at 357. If the plaintiff has engaged in such tactics, the district court "should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.* However, the fear of such manipulation does not support "a categorical prohibition on the remand of cases involving state law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case." *Id.* Thus, the Court determined that the district court has discretion to remand upon determination that such remand is appropriate, i.e., upon determination that remand "best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.*

As explained, here, those factors weigh in favor of remand. And, as explained in *Cohill*, there is no blanket prohibition on remand where the plaintiff removes the sole federal claim. *See id.*

In deference to the concerns express in *Cohill,* I consider in addition whether plaintiffs have engaged in manipulative tactics. I find that they have not. They have dropped the federal claim almost immediately after asserting it; they cannot have reaped any advantage thereby. Nor is this, for example, a case in which the plaintiffs litigated in federal court, suffered some adverse rulings, and decided to return to state court to try their luck there.

The supplemental jurisdiction factors, augmented by the *Cohill* concerns about manipulative tactics, justify the Court's decision to decline supplemental jurisdiction and remand the case to state court.

### c. Attorneys' Fees and Costs

Plaintiffs seek attorneys' fees pursuant to 28 U.S.C. § 1447(c). (DE 15 at 25). They submit that the removal "was made in bad faith."[6] (*Id.*) Further, Plaintiffs contend that Defendants' refusal to withdraw their Notice of Removal demonstrates "obvious forum shopping and lack of professional courtesy, resulting in the unreasonable and vexatious multiplication of proceedings," warranting attorneys' fees and costs. (*Id.*). Defendants do not respond to Plaintiffs' request for fees. (*See* DE 25; DE 27).

Attorneys' fees and costs may be imposed in connection with remand of a removed case: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "That power, however, is discretionary." *Horowitz v. Marlton Oncology, P.C.*, 116 F. Supp. 2d 551, 556 (D.N.J. 1999) (declining to impose attorneys' fees and costs "because defendant's basis for removal, though rejected, was colorable.").

---

[6] Initially, Plaintiffs also submitted that the Notice of Removal was procedurally defective because it was untimely and because Defendants failed to attach all relevant state court proceedings. (DE 15 at 23, 25). Plaintiffs do not revisit this argument in their Reply. (*See* DE 28).

As Defendants submit, the Notice of Removal was timely under 28 U.S.C. § 1446(b) because the Third Amended Complaint was not filed until June 22, 2020. Defendants filed their Notice of Removal on July 9, 2020 – within thirty days of the date the complaint was filed. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

Additionally, district courts within the Third Circuit have found that the failure to attach required accompanying documents to a Notice of Removal is a *de minimis* procedural defect that does not require remand. *Michalak v. ServPro Indus., Inc.*, No. CV 18-1727, 2018 WL 3122327, at *4 (D.N.J. June 26, 2018) (citing *Royal Indem. Co v. Admiral Ins. Co.*, No. 07–2048, 2007 WL 4171649, at *2 (D.N.J. 2007); *King v. Mansfield Univ. of Pennsylvania*, No. 15-0159, 2015 WL 4647637, at *4 (M.D. Pa. Aug. 5, 2015); *Efford v. Milam*, 368 F. Supp. 2d 380, 382–83 (E.D. Pa. 2005); 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3733 (4th ed. 2011)).

Here, based on the Third Amended Complaint's inclusion of an FLSA claim against Eastern, Defendants had a proper basis for removal under 28 U.S.C. § 1441(a). The error was, at least initially, entirely attributable to Plaintiffs, even if the Defendants could have been more courteous about letting them retract it. Therefore, I decline to impose attorneys' fees and costs. *See Horowitz*, 116 F. Supp. 2d at 556; *see also Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1261 (3d Cir. 1996) (finding that the district court did not abuse its discretion in imposing fees and costs because "there was no colorable basis for the removal.").

### III. Conclusion

For the reasons set forth above, I will grant Plaintiffs' motion (DE 15) in part and deny in part. I will grant Plaintiffs leave to file a Fourth Amended Complaint and, upon amendment, will remand the action to state court. However, I decline to impose upon Defendants attorneys' fees and costs.

An appropriate order follows.

Dated: February 8, 2021

/s/ Kevin McNulty

_____

**Kevin McNulty
United States District Judge**